## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ISIS RUDOLPH,**

      **Plaintiff,**

    **v.**　　　　　　　　　　　　**Civil Action 2:23-cv-1893**
　　　　　　　　　　　　　　　　　**Chief Judge Algenon L. Marbley**
　　　　　　　　　　　　　　　　　**Magistrate Judge Chelsey M. Vascura**

**MICHAEL GREEN,** *et al.***,**

      **Defendants.**

### ORDER and REPORT AND RECOMMENDATION

Plaintiff, Isis Rudolph, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

Further, Plaintiff's Motion for Electronic Filing (ECF No. 2) is **GRANTED** to the extent that she may participate in e-filing only as to this particular case and conditional on her compliance with all applicable e-filing requirements. Plaintiff is **DIRECTED** to create a PACER account, and then complete the electronic filing registration for the Southern District of Ohio, as explained at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf. Plaintiff is **REMINDED** that failure to adhere to all applicable e-filing requirements will likely result in the revocation of permission to participate in e-filing. Plaintiff is specifically **CAUTIONED** that failure to update her email address and monitor her email account (including her "junk mail" or spam folder) for court filings may result in the Court's dismissal of the action. *Cf. Yeschick v.*

*Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here").

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims under the Fair Housing Act, Rehabilitation Act, Civil Rights Act, and Americans with Disabilities Act pursuant to 28 U.S.C. § 1915(e)(2), and that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims under 28 U.S.C. § 1367(c)(3).

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

2

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain

sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.    ANALYSIS

Plaintiff asserts claims of discrimination on the basis of disability against her landlord, Green Quarters LLC, and its manager, Mike Green. Specifically, Plaintiff alleges that Defendants violated Section 504 of the Rehabilitation Act by "discriminating against [her] on the basis of her disability regarding housing and the ability to pay rent," that Defendants "engaged in harassment of the Plaintiff in violation of the Fair Housing Act of 1968 and the Civil Rights Act of 1964" "by repeatedly threatening and harassing Plaintiff with eviction notices and making discriminatory comments about her disability," and that Defendants retaliated against Plaintiff in violation of the Fair Housing Act and the Americans with Disabilities Act "by refusing to provide her with a trash can, and moving a trash placed by the city after she requested one, and

by making it difficult for her to renew her lease." (Compl. ¶¶ 3–5, ECF No. 1-1.) Plaintiff also alleges violations of a variety of state statutes and ordinances[1] based on the same conduct. (*Id.*)

Plaintiff's allegations are threadbare. She does not identify her disability, the alleged discriminatory comments that Defendants made about her disability, or the ways in which Defendants made it "difficult" for her to renew her lease. The only non-conclusory allegations in the Complaint are that Defendants threatened Plaintiff with eviction notices and that Defendants refused to provide Plaintiff with a trash can and moved the trash can provided to her by the city. These allegations do not state a claim for violation of the Fair Housing Act. *See Maki v. Laakko*, 88 F.3d 361, 365 (6th Cir. 1996) ("minimal friction between a landlord and tenants" is not actionable under the Fair Housing Act). Moreover, Plaintiff's bare allegations of "discriminatory comments" do not raise a plausible inference that Defendants acted with "discriminatory animus" as required to succeed on a Fair Housing Act interference claim. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613–14 (6th Cir. 2012). Nor has Plaintiff alleged that Defendants are recipients of federal funding such that they are subject to the Rehabilitation Act. *See* 29 U.S.C. § 794(a). Further, the Civil Rights Act of 1964 prohibits discrimination only the basis of race, color, national origin, religion, or sex—not disability. *See* 42 U.S.C. §§ 2000a *et seq.*, 2000b *et seq.*, 2000c *et seq.*, 2000d *et seq.*, 2000e *et seq.*, and 52 U.S.C. §§ 10101 *et seq.* Finally, the Americans with Disabilities Act applies only to public entities or private entities providing public accommodations—not to private landlords renting to private tenants. *See* 42 U.S.C.

---

[1] Plaintiff's Complaint refers to violations of Ohio Revised Code §§ 4112.02, 5321.02; Columbus City Code §§ 2331.17, 2323.12; the Fair Housing Ordinance; the Disability Housing Law; Source of Income Laws; the Columbus Human Rights Ordinance; and the Ohio Landlord-Tenant Act. (Compl. ¶¶ 3–5.)

§§ 12132, 12182. Accordingly, Plaintiff has failed to state a claim under any of the federal statutes on which she relies.

The undersigned further recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's allegations pertaining to state statutes and ordinances fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claims concerning state statutes and ordinances pertain squarely to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff alleged that she and Defendants are citizens of different states or that the amount in controversy exceeds $75,000. Thus, Plaintiff has failed to plausibly allege facts upon which the Court could rely to conclude that this Court has original subject-matter jurisdiction over her state-law claims.

Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to filing in state court.

### III.    DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. Moreover, Plaintiff's Motion for Electronic Filing (ECF No. 2) is **GRANTED** subject to the limitations set forth above. It is **RECOMMENDED** that claims under the Fair Housing Act, Rehabilitation Act, Civil Rights Act, and Americans with Disabilities Act be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that the Court decline to exercise jurisdiction over Plaintiff's state-law claims in accordance with 28 U.S.C. § 1367(c)(3) and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE